## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **DEBRA FISHER**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  2:25-cv-275** |
| **AVOW HOSPICE, INC.**, a Florida corporation, | **Judge:** |
| Defendant. | **Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DEBRA FISHER** ("**FISHER**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.      This is an action brought under the Family & Medical Leave Act (FMLA), Americans with Disabilities Act (ADA) and Florida Civil Rights Act (FCRA) for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, (3) disability discrimination in violation of the ADA, (4) disability discrimination in violation of the FCRA, (5) retaliation in violation of the ADA, and (6) retaliation in violation of the FCRA.

**PARTIES**

2.      The Plaintiff, **DEBRA FISHER** ("**FISHER**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida. At all material times, **FISHER** performed work primarily in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **FISHER** was an employee within the contemplation of the FMLA, ADA, ADEA and FCRA. Venue for this action lies in the Middle District of Florida, Fort Myers Division.

3.      The Defendant, **AVOW HOSPICE, INC.** ("Defendant") is a Florida corporation with a principal place of business in Collier County, Florida. Defendant was **FISHER**'s employer within the meaning of the FMLA, ADA, ADEA and FCRA as it employs in excess of 50 employees.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction of this matter under 28 U.S.C. §1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is

proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Collier County, which is within the Fort Myers Division.

6.     **FISHER** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on January 6, 2025 and the instant Complaint is filed within the time frame required under the law. A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.

<u>**GENERAL ALLEGATIONS**</u>

7.     **FISHER** began her employment with the Defendant on or about April 10, 2010, and was employed as a registered nurse/patient access care coordinator.

8.     **FISHER** performed her assigned duties in a professional manner and was very well qualified for her position.

9.     In fact, **FISHER** always received effective to highly effective performance reviews from the Defendant prior to her aging and her spouse developing a disability/serious health condition and until the Defendant began quizzing her regarding her retirement plans.

10.     **FISHER** is in a protected class as she is associated with her spouse, who has several disabilities and serious health conditions.

11.     **FISHER**'s husband suffers from impairments of the cardio-pulmonary system (among other things) and was a qualified person with a disability, and thus a member of a protected class.

12.    **FISHER**'s husband's impairments impact his ability to perform major life activities, such as breathing and working when not in remission.

13.    **FISHER**'s husband has a history of these impairments that limits major bodily functions and several major life activities. **FISHER**'s husband's impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

14.    **FISHER** is also in a protected class as she is well over the age of 40.

15.    In or about March 2024, **FISHER**'s supervisor began quizzing her as to when she was planning to retire, which she took offense to as she was performing at a high level and remained steadfast in her desire to continue working for many more years.

16.    Nevertheless, **FISHER**'s supervisor continued to ask **FISHER** about her retirement plans, even after **FISHER** had informed her of this.

17.    In or about July 2024, **FISHER**'s husband's disabilities became more severe, and she requested FMLA leave (full and/or reduced schedule) in order to care for him, including taking him to necessary medical appointments and providing care at home.

18.    After informing the Defendant of this, **FISHER** was suddenly accused of "making too many mistakes."

19.    When **FISHER** objected to what appeared to be FMLA, age and associational disability discrimination, she was told that she could either retire or be fired.

20.    The questioning as to **FISHER**'s retirement continued right up through September 3, 2024.

21.    The Defendant then terminated **FISHER**'s employment on September 3, 2024.

22.    At all material times, the Defendant was aware of **FISHER**'s age, association with a disabled person and requests for FMLA leave, and consequently her protected classes, which are the bases for its discriminatory employment practices toward her.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

23.    The Plaintiff hereby incorporates by reference Paragraphs 1-5, 7-13, and 17-22 in this Count by reference as though fully set forth below.

24.    **FISHER** qualified for FMLA leave since her husband began suffering from a serious health condition, **FISHER** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

25.    **FISHER** informed the Defendant of her likely need for leave for her husband's serious health condition.

26.    The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

27.    If the Defendant were to have decided that **FISHER**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

28.    The Defendant has never provided **FISHER** with any notice disqualifying her FMLA leave.

29.    In fact, the Defendant determined that **FISHER** was eligible for leave under the FMLA and yet refused to allow her intermittent leave and return her to work, thus terminating her employment because of her request for federally protected medical leave.

30.    **FISHER** engaged in activity protected by the FMLA when she requested intermittent leave due to her husband's serious health conditions, consistently informing the Defendant of the same.

31.    The Defendant knew, or should have known, that **FISHER** was exercising her rights under the FMLA and was aware of **FISHER**'s need for FMLA-protected absence.

32.    **FISHER** complied with all of the notice and due diligence requirements of the FMLA.

33.    The Defendant was obligated, but failed, to allow **FISHER** to take FMLA leave and to return **FISHER**, an employee who requested intermittent FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

34.    A causal connection exists between **FISHER**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **FISHER** a benefit to which she was entitled under the FMLA.

35.    As a result of the above-described violations of FMLA, **FISHER** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

36.    The Plaintiff hereby incorporates by reference Paragraphs 1-5, 7-13, and 17-22 in this Count by reference as though fully set forth below.

37.    **FISHER** qualified for FMLA leave since her husband suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **FISHER** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

38.    **FISHER** informed the Defendant of her need for intermittent leave due to her husband's serious health conditions.

39.    The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

40.    If the Defendant were to have decided that **FISHER**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

41.    The Defendant has never provided **FISHER** with any notice disqualifying her FMLA leave.

42.    In fact, the Defendant determined that **FISHER** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and reinstatement.

43.    **FISHER** engaged in activity protected by the FMLA when she requested intermittent leave due to her husband's serious health conditions and reinstatement, consistently informing the Defendant of the same.

44.    The Defendant knew that **FISHER** was exercising her rights under the FMLA.

45.    **FISHER** complied with all of the notice and due diligence requirements of the FMLA.

46.    A causal connection exists between **FISHER**'s request for FMLA-protected leave and reinstatement and the Defendant's termination of her employment.

47.    The Defendant retaliated by altering the terms and conditions of **FISHER**'s employment by terminating **FISHER**'s employment because she engaged in the statutorily protected activity of requesting, taking and demanding reinstatement from FMLA leave. The Defendant terminated her because she engaged in this statutorily protected activity.

48.    The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **FISHER**'s employment (and causing her to remain unemployed) because she engaged in activity protected by the FMLA.

49.     As a result of the above-described violations of FMLA, **FISHER** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT III – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

50.     Plaintiff incorporates by reference Paragraphs 1-13 and 17-22 of this Complaint as though fully set forth below.

51.     At all relevant times, **FISHER** was an individual associated with a person with a disability within the meaning of the ADA.

52.     Specifically, **FISHER**'s husband has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment.

53.     **FISHER**'s husband is a qualified individual as that term is defined in the ADA.

54.    At all material times, **FISHER** was an employee, and the Defendant was her employer covered by and within the meaning of the ADA.

55.    **FISHER**'s husband has disabilities, which qualify under the ADA.

56.    Defendant discriminated against **FISHER** with respect to the terms, conditions, and privileges of employment because of her association with a person with disabilities.

57.    Defendant conducted itself with malice or with reckless indifference to **FISHER**'s federally protected rights.

58.    Defendant discriminated against **FISHER** in violation of the ADA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

59.    The conduct of Defendant altered the terms and conditions of **FISHER**'s employment and **FISHER** suffered negative employment action in the form of discipline and termination.

60.    As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **FISHER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

61.    As a direct and proximate result of the violations of the ADA as referenced and cited herein, and as a direct and proximate result of the prohibited

acts perpetrated against her, **FISHER** is entitled to all relief necessary to make her whole.

62.    As a direct and proximate result of the Defendant's actions, **FISHER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

63.    **FISHER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.    Reasonable attorney's fees plus costs;

v.    Punitive damages;

vi.     Compensatory damages, and;

vii.    Such other relief as this Court shall deem appropriate.

### COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT-DISABILITY DISCRIMINATION

64.     Plaintiff incorporates by reference Paragraphs 1-13 and 17-22 of this Complaint as though fully set forth below.

65.     At all relevant times, **FISHER** was an individual associated with a person with a disability within the meaning of the FCRA.

66.     Specifically, **FISHER**'s husband has impairments that would substantially limit one or more major life activities and bodily functions and has a record of the impairment.

67.     **FISHER** is a qualified individual as that term is defined in the FCRA.

68.     At all material times, **FISHER** was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

69.     **FISHER**'s husband has disabilities, which qualify under the FCRA.

70.     Defendant discriminated against **FISHER** with respect to the terms, conditions, and privileges of employment because of her association with a person with disabilities.

71.     Defendant conducted itself with malice or with reckless indifference to **FISHER**'s protected rights under Florida law.

72.     Defendant discriminated against **FISHER** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

73.     The conduct of the Defendant altered the terms and conditions of **FISHER**' employment and **FISHER** suffered negative employment action in the form of discipline and termination.

74.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **FISHER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

75.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **FISHER** is entitled to all relief necessary to make her whole.

76.     As a direct and proximate result of the Defendant's actions, **FISHER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

77.     **FISHER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.   Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.  Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.   Reasonable attorney's fees plus costs;

v.    Punitive damages;

vi.   Compensatory damages, and;

vii.  Such other relief as this Court shall deem appropriate.

<u>**COUNT V – VIOLATION OF THE ADA- RETALIATION**</u>

78.    Plaintiff incorporates by reference Paragraphs 1-13 and 17-22 of this Complaint as though fully set forth below.

79.    Following **FISHER**'s objection to disability discrimination, Defendant retaliated by altering the terms and conditions of her employment by terminating **FISHER**.

80.    Said protected activity was the proximate cause of Defendant's negative employment actions against **FISHER** including changed working conditions, discipline, and ultimately termination.

81.    Instead of ceasing its discrimination, Defendant retaliated against **FISHER** via changed working conditions, discipline, and termination.

82.    The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

83.     As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **FISHER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

84.    As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **FISHER** is entitled to all relief necessary to make her whole as provided for under the ADA.

85.    As a direct and proximate result of Defendant's actions, **FISHER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

86.    **FISHER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv.    Reasonable attorney's fees plus costs;

v.    Punitive damages;

vi.    Compensatory damages, and;

vii.    Such other relief as this Court shall deem appropriate.

## COUNT VI – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

87.    Plaintiff incorporates by reference Paragraphs 1-13 and 17-22 of this Complaint as though fully set forth below.

88.    Following **FISHER**'s objection to disability discrimination, Defendant retaliated by altering the terms and conditions of her employment by terminating **FISHER**.

89.    Said protected activity was the proximate cause of Defendant's negative employment actions against **FISHER** including changed working conditions, discipline, and ultimately termination.

90.    Instead of ceasing its discrimination, Defendant retaliated against **FISHER** via changed working conditions, discipline, and termination.

91.    The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

92.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **FISHER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

93.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **FISHER** is entitled to all relief necessary to make her whole as provided for under the FCRA.

94.    As a direct and proximate result of Defendant's actions, **FISHER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

95.    **FISHER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.    Reasonable attorney's fees plus costs;

v.    Punitive damages;

vi.    Compensatory damages, and;

vii.    Such other relief as this Court shall deem appropriate.

## COUNT VII – VIOLATION OF THE ADEA

96.    Plaintiff incorporates by reference Paragraphs 1-9, 14-16 and 19-22 of this Complaint as though fully set forth below.

97.    **FISHER** was an employee and the Defendant was her employer covered by and within the meaning of the ADEA.

98.    **FISHER** is a member of the protected age class (over the age of 40).

99.    **FISHER** was well qualified for the positions she held with the Defendant.

100.    Despite her qualifications, **FISHER** has suffered adverse employment action in the form of termination.

101.    A younger person or persons with inferior qualifications and performance replaced **FISHER**.

102.    The Defendant sought applicants for the same position that **FISHER** held who were outside of **FISHER**'s protected class.

103.    The Defendant has discriminated against **FISHER** in the terms and conditions of her employment on the basis of her age, in violation of ADEA.

104.    The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **FISHER** because of her age.

105.    The Defendant's violations of the law were knowing and willful.

106.    A causal connection exists between **FISHER**'s age and her termination.

107.    As a result of the above-described violations of the **ADEA, FISHER** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is

therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

108. **FISHER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Liquidated damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT VIII – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

109. Plaintiff incorporates by reference Paragraphs 1-9, 14-16 and 19-22 of this Complaint as though fully set forth below.

110.    **FISHER** was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

111.    **FISHER** is a member of the protected age class (over the age of 40).

112.    **FISHER** was well qualified for the positions she held with the Defendant.

113.    Despite her qualifications, **FISHER** has suffered adverse employment action in the form of termination.

114.    A younger person or persons with inferior qualifications and performance replaced **FISHER**.

115.    The Defendant sought applicants for the same positions that **FISHER** held who were outside of **FISHER**'s protected class.

116.    The Defendant has discriminated against **FISHER** in the terms and conditions of her employment on the basis of her age, in violation of the FCRA.

117.    The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **FISHER** because of her age.

118.    The Defendant's violations of the law were knowing and willful.

119.    A causal connection exists between **FISHER**'s age and her termination.

120.    As a result of the above-described violations of the **FCRA, FISHER** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is

therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

121.    **FISHER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.    Reasonable attorney's fees plus costs;

v.    Compensatory damages;

vi.    Punitive damages, and;

vii.    Such other relief as this Court shall deem appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Demand is hereby made for a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: April 4, 2025          **/s/ Benjamin H. Yormak**
                              Benjamin H. Yormak
                              Florida Bar Number 71272
                              Lead Counsel for Plaintiff
                              YORMAK EMPLOYMENT & DISABILITY LAW
                              27200 Riverview Center Blvd., Suite 109
                              Bonita Springs, Florida 34134
                              Telephone: (239) 985-9691
                              Fax: (239) 288-2534
                              Email: byormak@yormaklaw.com